```
              THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

MARCUS CHASSION,                    §
                                    §
     Plaintiff,                     §
                                    §
v.                                  §  CIVIL ACTION NO. 4:19-cv-2491
                                    §
BROOKLYN SWEEPS, INCORPORATED,      §
and CHRISTOPHER M. ADAMS,           §
INDIVIDUALLY,                       §
                                    §
     Defendants.                    §
```

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY OF SUIT

1. Brooklyn Sweeps, Incorporated (the "Company") provides provides highway and street sweeping, and construction sweeping.

2. Unfortunately, the Company did not pay its non-exempt employee, Marcus Chassion (the "Plaintiff") one and one-half (1½) times his regular hourly rate for hours worked over forty (40) per workweek in violation of the Fair Labor Standards Act.

3. Defendant Christopher M. Adams ("Adams") is the Company's president and owner. Reference to the Company and Adams is collectively to the "Defendants."

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b)(2018) and 28 U.S.C. § 1331 (2019).

5. The Plaintiff brings this Complaint in the district in which the Company does business and where a substantial portion of the conduct charged herein occurred. As such, venue is proper in

this district pursuant to 28 U.S.C. § 1391(b)(2019).

## THE PARTIES

6.   The Plaintiff, a resident of Houston, Texas, was employed by the Company within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint.  In performing his duties for the Company, the Plaintiff engaged in commerce or in the production of goods for commerce.

7.   The Company, an enterprise engaged in commerce, is a Texas corporation that has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.  The Company may be served with process by serving Adams, its registered agent, at 1355 Chase Lane, Irving, Texas 75063, at the Company's principal place of business located at 1164 E. Oaklawn Drive, Terrell, Texas 75160, or at P.O. Box 3016, Forney, Texas 75126.

8.   Adams has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff.  Ibrahim may be served with process at 1355 Chase Lane, Irving, Texas 75063, at the Company's principal place of business located at 1164 E. Oaklawn Drive, Terrell, Texas 75160, or at P.O. Box 3016, Forney, Texas 75126.

## BACKGROUND

9.   The Plaintiff was employed by the Company as an equipment operator from approximately April of 2017 until May of 2019. Although the Plaintiff typically worked over forty (40) hours each

week, the Plaintiff was not compensated at one and one-half times his regular rate of pay for all hours worked over forty (40) hours each week. Rather, the Company would only begin to pay the Plaintiff at one and one-half (1½) his regular hourly rate for hours he worked over sixty (60) hours each week. As a non-exempt employee, the Plaintiff was entitled to be paid one and one-half (1½) times his regular rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207 (2019).

10. No exemption excuses the Company from paying the Plaintiff overtime compensation for all hours worked over forty (40) hours each work week. Nor has the Company made a good faith effort to comply with the FLSA. Instead, the Company knowingly, wilfully, or with reckless disregard carried out an illegal pattern or practice regarding unpaid overtime compensation with respect to the Plaintiff.

11. Adams, as the Company's president and owner, has a substantial financial interest in the Company and is directly involved in:

    a. the hiring and firing of its employees;

    b. its day-to-day operations as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by its employees;

    c. its finances; and

    d. corporate decisions.

CAUSE OF ACTION

A. Unpaid Overtime Compensation

12.   The Plaintiff regularly worked in excess of forty (40) hours per week for which he was not compensated at one and one-half (1½) times his regular rate of pay.

13.   As a non-exempt employee, the Plaintiff was entitled to be paid one and one-half (1½) times his regular hourly rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a) (2019).  Accordingly, the Defendants' practice of failing to pay the Plaintiff overtime compensation on hours worked between forty (40) and sixty (60) each work week was and is a clear violation of the FLSA.

14.   No exemption excused the Defendants from paying the Plaintiff one and one-half (1½) times his regular hourly rate for hours worked over forty (40) hours.  Nor did the Defendants make a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, wilfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Plaintiff.

15.   Accordingly, the Plaintiff is entitled to overtime pay in an amount which is one and one-half (1½) times his regular rate of pay.

16.   In addition, the Plaintiff is entitled to an amount equal to all of his unpaid overtime wages as liquidated damages.

17. Finally, the Plaintiff is entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b)(2019).

PRAYER

WHEREFORE, Plaintiff Marcus Chassion requests that this Court award him judgment against Defendants Brooklyn Sweeps, Incorporated, and Christopher M. Allen, Individually, for:

- a. damages for the full amount of the Plaintiff's unpaid overtime compensation;

- b. an amount equal to the Plaintiff's unpaid overtime compensation as liquidated damages;

- c. reasonable attorneys' fees, costs and expenses of this action;

- d. pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

- e. such other and further relief as may be allowed by law.

Respectfully submitted,

/S/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Ave, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com